UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOAO ALEXANDRE DOS REIS FRANCO,

Petitioner,

v.

CRAIG MEYER, et al.,

Respondents.

No. 1:25-cv-01620-DAD-CKD

ORDER GRANTING IN PART PETITIONER'S *EX PARTE* MOTION FOR A TEMPORARY RESTRAINING ORDER

(Doc. No. 7)

This matter is before the court on petitioner's *ex parte* motion for a temporary restraining order filed on November 11, 2025. (Doc. No. 7.) For the reasons explained below, the court will grant petitioner's motion in part.

**BACKGROUND**

On November 3, 2025, petitioner Joao Alexandre Dos Reis Franco filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) Petitioner asserts the following three claims in that petition: (1) violation of the Fifth Amendment Due Process Clause; (2) his detention is unlawful because a pending I-485 places him within the period of an authorized stay; and (3) unlawful detention in violation of the Administrative Procedure Act ("APA"). (*Id.* at

¶¶ 40–60.) In support of the pending motion for a temporary restraining order, petitioner has presented evidence of the following.

On November 3, 2025, petitioner appeared for his scheduled adjustment of status interview at USCIS San Francisco Field Office. (Doc. No. 7-1 at 1.) Petitioner was accompanied by his U.S. citizen spouse. (*Id.*) At the conclusion of the interview, ICE agents arrested petitioner. (*Id.* at 1–2.) Petitioner's Form I-485, Application to Adjust Status, remains pending with USCIS. (*Id.* at 2.)

On November 11, 2025, petitioner filed his motion for a temporary restraining order. (Doc. No. 7.) In that motion, petitioner requests that the court enjoin respondents from transferring or removing him pending resolution of this federal habeas action, enjoin respondents from denying or interfering with the adjudication of his pending Form I-485 application, and order his immediate release from custody. (*Id.* at 19.) On November 14, 2025, respondents filed their opposition to the motion and a supporting declaration. (Doc. Nos. 9, 10.) On November 18, 2025, the previously assigned district judge ordered the matter transferred from the U.S. District Court for the Northern District of California to this district court. (Doc. No. 15.) On November 21, 2025, the undersigned set a deadline for the filing of petitioner's reply. (Doc. No. 18.) On November 24, 2025, petitioner filed his reply. (Doc. No. 19.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'n, Inc. v. City of Los*

*Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (citation omitted). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

The likelihood of success on the merits is the most important *Winter* factor. *See Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017). Plaintiff bears the burden of demonstrating that he is likely to succeed on the merits of his claims or, at the very least, that "serious questions going to the merits were raised." *All. for Wild Rockies*, 632 F.3d at 1131.

## DISCUSSION

### A. Likelihood of Success on the Merits

Petitioner makes several arguments, including that the denial of his adjustment of status application would be unjust and arbitrary[1] and that arresting him at his adjustment of status interview violates the INA. (Doc. Nos. 7 at 11–13; 19 at 4.) The court is persuaded by the latter argument and adopts the district court's reasoning in *You, Xiu Qing v. Nielsen*, 321 F. Supp. 3d 451, 464–66 (S.D.N.Y. 2018), in which the district court stated:

> The Court rejects arrest and detention practices predicated on manipulating the laws that Congress has passed. Congress did not intend its carefully considered adjustment of status process for a

[1] The court is not persuaded by this argument because "§ 1252(a)(2)(B)(i) strips district courts of jurisdiction to hear a plaintiff's APA claim when that claim challenges an agency's individualized denial of an application for adjustment of status." *Nakka v. United States Citizenship & Immigr. Servs.*, 111 F.4th 995, 1015 (9th Cir. 2024).

> select group of aliens to become a mechanism for "gotcha" law enforcement. Nor could it, without raising serious constitutional concerns. These type of bait-and-switch tactics are not only a perversion of the statute, but also likely offensive to "the concept of ordered liberty." *Rochin v. California*, 342 U.S. 165, 169, 72 S. Ct. 205, 96 L. Ed. 183 (1952) (internal quotation marks omitted).
>
> Because courts "must assume that when drafting the INA, Congress did not intend an absurd or manifestly unjust result," *Lockhart v. Napolitano*, 573 F.3d 251, 260 (6th Cir. 2009), the Court concludes that Congress could not have intended its silence on the interplay between adjustment and removal to permit ICE to exploit the former in service of the latter. Accordingly, Petitioner has demonstrated that his arrest at USCIS's offices and his detention pursuant to that arrest likely violated the INA.

*Id.* at 466. Moreover, other courts have found the same in the context of individuals pursuing applications for provisional waivers. *Sanchez v. McAleenan*, No. 19-cv-01728, 2024 WL 1256264, at *7 (D. Md. Mar. 25, 2024) ("The Court finds that by using the provisional waiver process to lure non-citizen spouses of U.S. citizens to Customs and Immigration Services facilities only to then arrest, detain, and eventually remove the applicants, Defendants have acted arbitrarily and nullified their own regulations in violation of Due Process, the APA, and the INA itself."); *De Jesus Martinez v. Nielsen*, 341 F. Supp. 3d 400, 410 (D. N.J. 2018) (same); *Wanrong Lin v. Nielsen*, 377 F. Supp. 3d 556, 564 (D. Md. 2019) same).

Accordingly, the court concludes that petitioner has demonstrated a likelihood of success on the merits of his claim that arresting him at his adjustment of status interview violates the INA. *You, Xiu Qing*, 321 F. Supp. 3d at 469 (restoring the petitioner to the *status quo ante litem* by ordering a "stay of removal and release from custody").

**B. Irreparable Harm**

The Ninth Circuit has recognized that there are "irreparable harms imposed on anyone subject to immigration detention" such as "subpar medical and psychiatric care in ICE detention facilities, the economic burdens imposed on detainees and their families as a result of detention, and the collateral harms to children of detainees whose parents are detained." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017). As such, the court finds that in the absence of release, petitioner and his spouse would suffer irreparable harm.

/////

**C. Balance of Equities and Public Interest**

The consideration of the balance of equities and the public interest in an injunction merge "[w]hen the government is a party[.]" *Drakes Bay Oyster Co. v. Jewell*, 747 F.3d 1073, 1092 (9th Cir. 2014) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). "The public interest is in enforcing *all* the immigration laws, including the laws governing adjustment of status." *You, Xiu Qing*, 321 F. Supp. 3d at 469. "Respondents' actions have likely violated those laws and, therefore, the public interest also lies in preventing Respondents' further abuse of the adjustment of status scheme." *Id.* Therefore, the court finds that the balance of equities and public interest favor petitioner.

**CONCLUSION**

For the reasons above,

1. Petitioner's motion for a temporary restraining order (Doc. No. 7) is GRANTED IN PART as follows:

   a. Respondents are ORDERED to immediately release petitioner from respondents' custody;

   b. Respondents are ENJOINED AND RESTRAINED from using the adjustment of status process to re-detain petitioner, including at or near any future interview related to petitioner's application for adjustment of status;

   c. Petitioner's request for a temporary restraining order enjoining respondents from transferring or removing petitioner is DENIED as having been rendered moot by this order;

   d. Petitioner's request for a temporary restraining order enjoining respondents from denying or interfering with the adjudication of petitioner's pending Form I-485 application is DENIED;

2. The parties are directed to meet and confer and, if possible, submit a joint proposed briefing schedule and hearing date with respect to any motion for a preliminary injunction no later than fourteen (14) days from the date of entry of this order; and

3. Under the circumstances of this case, petitioner will not be required to post bond pursuant to Rule 65(c) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: **November 25, 2025**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE